UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERICK HERNANDEZ, | CASE NO. C08-0448-RAJ |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| NEIL CLARK, | |
| Respondent. | |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner Erick Hernandez, proceeding pro se, has filed a "Petition for Writ of Habeas Corpus and Petition for Declaratory Relief under 28 U.S.C. § 2241." (Dkt. 1).[1] Petitioner claims that Congress has no authority to set forth rules to deport any person from the United States, and that the deportation of aliens is a violation of the Tenth and Fifth Amendment of the U.S. Constitution. *Id.* 3-5, 20. Petitioner requests that the Court grant his habeas petition and "find the actions of Congress to be unconstitutional and the several statutes to be null and void." *Id.* at 48. Having carefully reviewed the entire record, I recommend that petitioner's habeas petition be DENIED.

---

[1] Petitioner has filed a subsequent habeas petition in this Court, challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE"), which is currently pending before the Honorable James L. Robart. *See Hernandez v. Clark*, Case No. C08-498-JLR-MAT.

## II. DISCUSSION

### A. Congressional Regulation of Immigration

Petitioner's contention that Congress lacks the authority to deport aliens is meritless. Petitioner has filed a sixty-one page habeas petition in support of his claim, consisting of largely irrelevant legal authority such as the Magna Carta, the Mayflower Compact, and the Declaration of Independence. Contrary to petitioner's claim, "[c]ourts have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments." *See, e.g., Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 210, 73 S. Ct. 625, 97 L. Ed. 2d 956 (1953). Although the Constitution contains no express mandate relating to immigration matters, the Supreme Court has held that the political branches of the federal government have plenary authority to establish and implement substantive and procedural rules governing the admission of aliens into the United States. *See, e.g., Fong Yue Ting v. United States*, 149 U.S. 698, 701-11, 13 S. Ct. 1016, 37 L. Ed. 2d 905 (1893). Accordingly, petitioner's habeas petition must be dismissed.

## III. CONCLUSION

For the foregoing reasons, I recommend that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 31st day of March, 2008.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge